# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ERIC PIERMAN,<br><br>                         Plaintiff,<br>v.<br><br>STRYKER CORPORATION and HOWMEDICA OSTEONICS CORP,<br>                        Defendants. | Case No.: 3:19-cv-00679-BEN-MDD<br><br>**ORDER DENYING DEFENDANTS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**<br><br>[Doc. No. 6] |

      Presently before the Court is Defendants' Motion to Dismiss, or in the Alternative, to Transfer. The Court has reviewed and considered all the briefing filed with respect to Defendants Motion and concludes that oral argument is not necessary to resolve the Motion. *See* Fed. R. Civ. P. 78. Defendants Motion is **DENIED**.

## BACKGROUND

      Plaintiff Peter Eric Pierman ("Plaintiff"), is a citizen of the State of California, who resides in San Diego County. (Doc. No. 1 ¶ 6.) Defendant, Stryker Corporation ("Stryker") is a Michigan corporation with its principal place of business in Kalamazoo, Michigan. *Id.* ¶ 7. Co-Defendant, Howmedica Osteonics Corp. ("HOC") is a New Jersey Corporation which maintains its principal place of business in Mahwah, New Jersey. *Id.* ¶ 8.

1

Plaintiff alleges that he was offered a position as an associate sales consultant for Stryker Craniomaxillofacial products in March 2016. As a condition of his employment, he was required to sign an employment agreement ("Agreement") containing a restrictive covenant in the form of a non-compete provision. *Id.* ¶ 8.

In 2018, Plaintiff was assigned to handle Stryker Trauma products in HOC's San Diego sales area. As before, Plaintiff was required to sign a new non-compete agreement, protecting the Defendants' trade secrets.[1] *Id.* ¶ 13, Ex. B. The Agreement also provided that any litigation which arose out of Plaintiff's employment with HOC would be conducted exclusively in the State of New Jersey, that Plaintiff consented to the jurisdiction of the courts in New Jersey, and that the Agreement would be interpreted under New Jersey law.[2] (Doc. No. 6 at 3.) Due to its nationwide sales force and legitimate interest in obtaining relative consistency and predictability in the legal construction and interpretation of its agreements, HOC includes similar mandatory forum selection clauses and governing law provisions in all of its agreements. *Id.* at 4.

On April 12, 2019, the Plaintiff provided notice that he was resigning from his employment with HOC. (Doc. No. 1 ¶ 24.). On that same day, his counsel sent a letter to Defendants representing that Plaintiff was voiding the forum selection and choice of law

---

[1] The Stryker Non-Compete provision expressly states that it "supersedes any and all prior agreements between the parties with respect to the matters addressed in this Agreement." *Id.* at 15.

[2] "8.2 **<u>Governing Law and Venue</u>**. Although I may work for [HOC] in various locations, I agree and consent that this Agreement shall be interpreted and enforced as a contract of the applicable state listed on Attachment B as of my date of termination and shall be interpreted and enforced in accordance with the internal laws of the state without regard to its conflict of law rules. In such circumstances, I agree and consent that any and all litigation between [HOC] and me relating to this Agreement will take place exclusively in the state listed on Attachment B, and I consent to the jurisdiction of the federal and/or state courts in the state listed on Attachment B. I consent to personal jurisdiction and venue in both such Courts and to service of process by United States Mail or express courier service in any such action." (Doc. No. 6 at 3.)

2

provisions contained in the Agreement and further notifying them that he intended to join a competitor. (Doc. No. 6 at 4.) Thereafter, Plaintiff filed the instant action. *Id.*

Defendants now seek to have the case dismissed, or in the alternative, transferred to New Jersey pursuant to 28 U.S.C. § 1404(a). *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas* 571 U.S. 49, 59 (2013); *see also Russel v. De Los Suenos*, No. 13-CV-2081-BEN DHB, 2014 WL 1028882, at *8 (S.D. Cal. Mar. 17, 2014) (dismissing case based on agreement's Mexico forum selection clause).

## DISCUSSION

Section § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought[.]" 28 U.S.C. § 1404(a). Section § 1404(a) "does not concern the issue whether and where an action may be properly litigated. It relates solely to the question where, among two or more proper forums, the matter should be litigated to best serve the interests of judicial economy and convenience of the parties." *Williams v. WinCo Foods, LLC*, 2013 WL 211246, *2 (E.D. Cal. 2013) (internal quotation marks omitted).

The court weighs multiple factors to determine whether a transfer of venue serves the convenience of the parties and witnesses and promotes the interests of justice. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir.), *cert denied*, 531 U.S. 928 (2000); *Lopez v. Chertoff*, 2007 WL 2113494, *2 (N.D. Cal. 2007). "The presence of a forum-selection clause, however, changes the analysis." *Karl v. ZimmerBiomet Holdings, Inc.*, 2018 WL 5809428, *1 (N.D. Cal. 2018). A forum-selection clause should be enforced unless the party challenging enforcement of the provision can show it is unreasonable. *See M/S Bremen v. Zapata Off-shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 1913 (1972). However, "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Id.* at 15, 92 S. Ct. at 1916.

# I. FORUM SELECTION CLAUSE.

"Given the weight accorded to forum selection clauses in a 28 U.S.C. § 1404(a) transfer analysis," the court first examines the enforceability of the forum selection clause." *See Rowsby v. Gulf Stream Coach, Inc.*, 2009 WL 1154130, *2 (C.D. Cal. 2009). Forum selection clauses are "prima facie valid unless enforcement is unreasonable." *Id.* (internal quotations omitted) (citing *Bremen*, 407 U.S. at 10, 92 S. Ct. at 1913). "[T]he party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which we will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009). A forum selection clause may be found to be unenforceable if one of the following conditions is satisfied: "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007) (internal quotation marks omitted).

Here, Plaintiff's agreement with Defendant, which he signed on February 1, 2018, contains the following forum selection clause: "[A]ll litigation between [HOC] and me [Plaintiff] relating to this Agreement will take place exclusively in the state listed on Attachment B[.]" (Doc. No. 6 at 3.) It also states that "this agreement shall be interpreted and enforced as a contract of the applicable state listed on Attachment B[.]" *Id.* Attachment B indicates that either New Jersey or Michigan law should be applied, depending upon the entity that employed Plaintiff at the time of his resignation. *Id.*

Plaintiff argues that the forum selection clause is unenforceable because it contravenes "the strong public policy of California" set forth in California Labor Code § 925 of litigating "California-centric" labor disputes within the state. (*See* Doc. No. 20 at 18.) Defendant responds that § 925 does not apply because "28 U.S.C. § 1404 preempts state laws (such as Labor Code § 925) that purport to void forum selection clauses,

4

prohibiting federal courts from giving them weight under that statute." (Doc. No. 22 at 1.)

First, before embarking on the § 1404 analysis, the court must determine whether there is a "contractually valid forum-selection clause." *Atl. Marine Constr. Co., Inc. v. the U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 n. 5, 134 S. Ct. 568, 581 n. 5 (2013) ("*Atlantic Marine*"); *See Moretti v. Hertz Corp.*, 2014 WL 1410432, *2 (N.D. Cal. 2014) (noting that before engaging in analysis of forum selection clause pursuant to *Atlantic Marine*, a "[c]ourt must first determine whether a valid forum-selection clause exists within the subject contract"); *Trendsettah USA v. Swisher Int'l Inc.*, 2015 WL 12697653, *2 (C.D. Cal. 2014) ("Before the court may consider the impact of any forum selection clause on plaintiff's choice of forum and the motion to transfer, it must first determine whether a contract exists and, if so, whether it contains the forum selection clause at issue.") (internal quotation marks omitted). In other words, "[t]o determine the enforceability of a forum selection clause, a federal court must [first] ask whether a contract existed under state law." *Kellerman v. InterIsland Launch*, 2015 WL 6620604, *3 (W.D. Wash. 2015); *Glob. Power Supply, LLC v. Acoustical Sheetmetal Inc.*, 2018 WL 3414056, *2 (C.D. Cal. 2018) ("Although federal law governs the interpretation and enforcement of forum selection clauses, state law governs contract formation and the interpretation of an agreement's terms.") (internal quotation marks omitted).

Section 925 provides that "[a]n employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following: (1) [r]equire the employee to adjudicate outside of California a claim arising in California [or] (2) [d]eprive the employee of the substantive protection of California law with respect to a controversy arising in California." Cal. Lab. Code § 925(a). "Any provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute." Cal. Lab. Code § 925(b). Section § 925 further provides that it

"shall apply to a contract entered into, modified, or extended on or after January 1, 2017." Cal. Lab. Code § 925(f).

Here, there is no dispute that Plaintiff is a California citizen who resides and works in San Diego, California. (Doc. No. 1 at 3.) Next, Plaintiff signed the Agreement as a condition of his employment on February 1, 2018. *Id.* February 1, 2018, is after January 1, 2017, the effective date of § 925. (*See* Doc. No. 20 at 1-2.) Finally, Plaintiff was not represented by counsel when he signed the Agreement. *Id.*

Considering the aforementioned facts, it is clear that § 925 not only applies, but the forum selection clause, in this case, violates both prongs of § 925(a) by (1) requiring labor disputes that arise within California to be adjudicated in another state, and (2) by imposing another state's laws on California employees. *See* Cal. Labor Code § 925. In other words, the clause violates "California's strong public policy against enforcing forum-selection clauses in employment agreements."[3] *Karl*, 2018 WL 5809428, at *3; cf. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) ("[*Bremen*] teaches that a strong public policy may be declared by statute.") (citing *M/S Bremen*, 407 U.S. at 15, 92 S. Ct. at 1916) (internal quotation marks omitted).

Lastly, Defendant's assertion that § 925 is preempted, is unconvincing.[4] *See Stewart Organization, Inc. v. Ricoh Corp.* 487 U.S. 22 (1988). The Court concurs that

---

[3] "In an analogous context, [the Ninth Circuit] made unenforceable a forum-selection clause due to California's strong public policy as expressed in an analogous statute[.]" *Karl*, 2018 WL 5809428, at *2 (citing *Jones*, 211 F.3d at 498) (concluding that, "[b]y voiding any clause in a franchise agreement limiting venue to a non-California forum for claims arising under or relating to a franchise located in the state ... [California Business and Professions Code] § 20040.5 expresses a strong public policy of the State of California to protect California franchises from the expense, inconvenience, and possible prejudice of litigating in a non-California venue").

[4] The Supreme Court has been clear that these matters are fundamentally state law concerns which must be respected by federal courts sitting in diversity under the *Erie* Doctrine. *Erie R. Co. v. Timpkins*, 304 U.S. 64 (1938). Even in the context of the broad preemptive swathe under the FAA, this principle holds true. *First Options of Chicago,*

6

"[t]he holding of *Stewart* is very narrow and does not impact in any way the continuing applicability of the *Bremen* analysis." (Doc. No. 20 at 16.) Specifically, the Ninth Circuit in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), explicitly held that, under *Bremen*, a forum selection clause that is rendered void by a state statute is invalid and unenforceable. *Id.* at 497-98. Moreover, the court in *Jones* went on to hold, consistent with *Stewart*, that in the context of a § 1404 analysis, California's strong public policy of providing a protective local forum for its own citizens was a relevant and important factor, among others, to be considered in denying a motion for transfer of venue under § 1404(a). *See Id.*

Accordingly, given that the agreement at issue "falls within Section § 925's orbit and contravenes California's strong public policy against litigating labor disputes out-of-state[,]" "[the] forum-selection clause [in Plaintiff's contract] is unreasonable ... and shall not be enforced. Nor shall the choice of law provision, for the same reasons." *Karl*, 2018 WL 5809428, at *4.

## II. **CONVENIENCE AND FAIRNESS FACTORS.**

"Because the forum-selection clause has been found to be unenforceable, this order considers the factors of § 1404(a) to decide the defendant['s] motion to transfer[,]" *Karl*, 2018 WL 5809428, at *5, rather than engaging in a modified *Atlantic Marine* analysis.

To determine whether to exercise their "broad discretion" to transfer venue under § 1404, *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1108 (C.D. Cal. 2007), district courts weigh various factors of "convenience and fairness." *Jones*, 211 F.3d at 498. While there is no definitive list, courts typically look to some or all of the following factors to determine whether transfer to the alternative forum is proper: (1) the

---

*Inc. v. Kaplan*, 514 U.S. 938 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally ... should apply ordinary state-law principles that govern the formation of contracts."). (Doc. No. 20 at 17 n. * 6.)

7

plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the ease of access to the evidence; (5) the familiarity of each forum with the applicable law; (6) the feasibility of consolidation of other claims; (7) any local interest in the controversy; (8) the relative court congestion in each forum; and (9) the availability of compulsory process. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Atlantic Marine*, 571 U.S. at 62 n. 6, 134 S. Ct. at 581 n. 6 (describing "[f]actors relating to the parties' private interests" and "[p]ublic-interest factors" for a court to consider in determining whether to transfer an action; *Jones*, 211 F.3d at 498-99 (same).

The Court first considers Plaintiff's choice of forum, which is "generally accorded" "great weight[.]" *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), *cert. denied*, 485 U.S. 993 (1988). However, the weight granted to "plaintiff's chosen venue is substantially reduced where [it] ... lacks a significant connection to the activities alleged in the complaint." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (internal quotation marks omitted).

Defendant contends the forum selection clause is valid under Federal law because § 1404 "leaves no room for the operation of state laws which purport to void forum selection clauses or otherwise render them ineffective." (Doc. No. 22 at 8.) Moreover, even if this Court were to disregard *Stewart* and use state law to determine whether a forum selection clause exists, the cases relied upon by Plaintiff to argue that California state law should govern are also distinguishable because they involved allegations that some defect occurred in the process of contract formation. *See Moretti v. Hertz Corp.*, No. C 13-02972, 2014 WL 1410432, at *2-3 (N.D. Cal. April 11, 2014) (whether a party received notice and agreed to a forum selection clause at the time of contract formation.) The Court disagrees.

Here, as in *Karl*,

> Defendant['s] corporate headquarters may be [outside of California] but, defendant[] hired [a] California citizen[] as [a] sales representative[] and

8

> implemented policies that allegedly violate California labor laws. That defendant[] [is] headquartered [outside of California] does not negate the local impact of [its] decisions when they are implemented elsewhere. Moreover, as pled in plaintiff[s'] complaint, the operative facts of this action occurred within California which has a strong interest in adjudicating labor disputes within the forum. Plaintiff has established significant contacts between the chosen forum and the allegations of his complaint.

2018 WL 5809428, at 5 (internal citations and quotation marks omitted); *See Schultz v. Hyatt Vacation Mktg. Corp.*, 2011 WL 768735, *5 (N.D. Cal. 2011) (similar). Thus, Plaintiff's choice of forum weighs heavily against transfer.

The Court next considers the convenience of the parties. Given that Defendant employed Plaintiff in California, (*see* Doc. No. 1 at ¶¶ 2, 6, 12, and 13), aside from asserting that it seeks "relative consistency and predictability in the legal construction and interpretation of its agreements", Defendant has not demonstrated that litigating in California would be an inconvenience. (Doc. No. 6 at 4.) Plaintiff, on the other hand, is a California citizen. (Doc. No. 1 ¶ 2.) He would be inconvenienced by having to travel to New Jersey, the district to which Defendant seeks transfer. (Doc. No. 20 at 14.) Thus, this factor weighs heavily against transfer.

As for the convenience of non-party witnesses, ease of access to evidence, and docket congestion, the Defendant does not even address these factors, and Plaintiff merely provides them lip-service, (*see, generally*, Doc. No. 20 at 13-14) so the Court finds them to be neutral.

The next factor, familiarity with governing law, weighs slightly against transfer. This case involves only one state law claim. (*See* Doc. No. 1 ¶¶ 29 - 37.) Given the Court's finding that the choice of law provision of the contract is unenforceable, the Plaintiff's claims under § 925 will be governed by California law. *See* Cal. Labor Code § 925(b) ("[I]f a provision is rendered void at the request of the employee, ... California law shall govern the dispute."); (Doc. No. 1 ¶¶ 29-37.) While this district and the District of New Jersey are equally familiar with federal law, "this district is more familiar with

the state laws underlying the California ... claims. But since other federal courts are fully capable of applying California law, this factor weighs only slightly against transfer." *Karl*, 2018 WL 5809428, at *6.

Finally, the Court considers the local interest in the controversy. Here, "California's strong public policy as discussed in the above forum-selection analysis ... shows that the local interest in adjudicating this action is great. Section § 925 expresses California's interest in preventing contractual circumvention of its labor law – tipping the scales against transfer." *Karl*, 2018 WL 5809428, at *7 (denying motion to transfer under § 1404 after finding forum selection clause unenforceable under § 925 and that plaintiff's choice of forum parties' convenience, familiarity with governing law, and local interest in controversy weighed against transfer).

In sum, even assuming, *arguendo*, that this case could have been brought in New Jersey, consideration of the § 1404(a) convenience factors weighs against transfer. Plaintiff filed the instant action in this District, and his choice is afforded great weight. Three of the § 1404(a) factors – convenience of the parties, governing law, and local interest in the controversy – weigh against transfer, and none of the others favor transfer. Given that the balance of factors weighs against transfer, the Court finds that Defendants have not met their burden to make a "strong showing of inconvenience to warrant upsetting the plaintiff[s'] choice of forum." *Decker*, 805 F.2d at 843.

## CONCLUSION

Based on the foregoing, **IT IS ORDERED THAT**:

1. Defendants Motion to Dismiss, or in the Alternative, Transfer is **DENIED**.
2. Defendant shall file an answer to the Complaint no later than February 3, 2020.

**IT IS SO ORDERED.**

Dated: January 17, 2020

HON. ROGER T. BENITEZ
United States District Judge